Massachusetts Local Form 3

# United States Bankruptcy Court
## District of Massachusetts

In re: Dearborn, Lee                                    Case No.
                                                        Chapter: 13

CHAPTER 13 PLAN COVER SHEET

| Filing Date: | 07/29/2013 | Docket #: | |
|---|---|---|---|
| Debtor: | Lee H. Dearborn | Co-debtor: | |
| SS#: | -6042 | SS#: | |
| Address: | 4 Hawthorne St.<br>Acton, MA  01720 | Address: | |

| Debtor's Counsel: | Michael J. Tremblay |
|---|---|
| Address: | 277 Main Street<br>Marlborough, MA  01752 |
| e-mail: | attorney@tremblay.com |
| Telephone #: | 508-485-4500 |
| Facsimile #: | 508-449-3969 |

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS, AS PRESENTLY ESTIMATED BY THE DEBTOR(S) BASED ON AVAILABLE INFORMATION, ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY THE DEBTOR(S) IN THE BANKRUPTCY COURT, BUT NOTE THAT RULE 13-13(a) OF THE MASSACHUSETTS LOCAL BANKRUPTCY RULES REQUIRES ANY CREDITOR WHO WISHES TO RECEIVE DISTRIBUTIONS UNDER THE PLAN TO FILE A PROOF OF CLAIM CONFORMING TO OFFICIAL FORM 10. ANY CLAIM TO WHICH THE DEBTOR(S) OBJECT WILL BE PAID ONLY IN THE AMOUNT ALLOWED BY THE COURT.

YOU WILL RECEIVE (OR ALREADY HAVE RECEIVED) A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO RULE 13-8(a) OF THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, AS AMENDED EFFECTIVE JUNE 1, 2012, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE DATE ON WHICH THE FIRST § 341 MEETING IS HELD TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

BkAssist® Software Copyright© 2012 by Walter Oney. All rights reserved.

# United States Bankruptcy Court
## District of Massachusetts
### Pre-Confirmation Chapter 13 Plan

Docket No:

Debtors:

Lee H. Dearborn                                                              SS#: -6042

                                                                             SS#:

## I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of **$1,059.00** for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i)

☒ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii)

☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:    **N/A**

☐ 60 Months. The Debtor states as reasons therefore:    **N/A**

## II. SECURED CLAIMS AND UNEXPIRED LEASES:

A. Secured claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Claim Amount |
|---|---|---|
| **Internal Revenue Service (06)** | **Taxes - 2006** | **$1.95** |
| | **Total to be paid through the plan:** | **$1.95** |

B. Claims to be paid directly by debtor to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|
| **(None)** | |

BkAssist® Software Copyright© 2012 by Walter Oney. All rights reserved.

C. Modification of secured claims:

| Creditor | Details of Modification | Plan Payments |
|---|---|---|
| **Internal Revenue Service (04)** | See sec. VI(B)(2) below | As general unsecured |
| **Internal Revenue Service (05)** | " | " |
| **Internal Revenue Service (06)** | " | " |
| **Internal Revenue Service (07)** | " | " |
| **Internal Revenue Service (08)** | " | " |
| **Internal Revenue Service (09)** | " | " |

D. Leases:

The Debtor(s) intend to assume or reject the residential/personal property lease claims of the following creditors and to pay the indicated lease arrears through the plan:

| Lessor | Assume or Reject | Arrears to be paid through plan |
|---|---|---|
| **(None)** | | |
| | **Total to be paid through the plan:** | **$0.00** |

E. Total of secured claims and lease arrears to be paid through plan (A + D): **$1.95**

## III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| **(None)** | | |
| | **Total to be paid through the plan:** | **$0.00** |

B. Other:

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| **Internal Revenue Service (11)** | **Taxes - 2011** | **$22,726.27** |
| **Massachusetts Department of Revenue** | **Taxes - 2011** | **$3,387.00** |
| **Massachusetts Department of Revenue** | **Taxes - 2012** | **$3,196.00** |

BkAssist® Software Copyright© 2012 by Walter Oney. All rights reserved.

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| **Internal Revenue Service (12)** | **Taxes - 2012** | **$24,505.00** |
| | **Total to be paid through the plan:** | **$53,814.27** |

C. Total of priority claims to be paid through plan (A + B): **$53,814.27**

## IV. ADMINISTRATIVE CLAIMS:

A. Attorney's fees (to be paid through the plan): **$1,000.00**

B. Miscellaneous fees:

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| **(None)** | | |
| | **Total to be paid through the plan:** | **$0.00** |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the plan payment set forth utilizes a 10.00% Trustee's commission.

D. Total of administrative claims to be paid through plan (A + B): **$1,000.00**

## V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of **0.55%** of their claims.

A. General unsecured claims: **$242,946.84**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| **Internal Revenue Service (04)** | **Taxes - 2004** | **$30,412.30** |
| **Internal Revenue Service (05)** | **Taxes - 2005** | **$4,001.31** |
| **Internal Revenue Service (06)** | **Taxes - 2006** | **$33,039.23** |
| **Internal Revenue Service (07)** | **Taxes - 2007** | **$35,188.13** |
| **Internal Revenue Service (08)** | **Taxes - 2008** | **$59,931.35** |
| **Internal Revenue Service (09)** | **Taxes - 2009** | **$27,866.70** |
| | **Total to be paid through the plan:** | **$190,439.02** |

C. Non-dischargeable unsecured claims (so classified for purposes of calculation without prejudice to the Debtor(s)' right to contest dischargeability):

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| (None) | | |
| | **Total to be paid through the plan:** | **$0.00** |

Total of unsecured claims (A + B + C):  $433,385.86

D. Multiply total by percentage:  $2,369.77

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| (None) | | |
| | **Total to be paid through the plan:** | **$0.00** |

# VI. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund plan:

| Description of Asset | Value |
|---|---|
| (None) | |
| **Total value of assets to be liquidated:** | **$0.00** |

B. Miscellaneous Provisions:

1  This is a "pot plan," in which the total of all payments with respect to non-priority unsecured creditors is a constant amount. The percentage dividend stated in this plan is an estimate based on claims currently known to the Debtor(s) and does not govern the amount of payments to non-priority unsecured creditors. Non-priority unsecured creditors are advised that they may receive more or less than the percentage dividend stated in this plan.

2  The claims in Section II(c) are asserted to be secured, however, under the definition of 11 U.S.C. sec. 506(a)(1), a claim is secured only to the extent of the creditor's interest in the estate's interest in the subject property. As such, the claims are unsecured and will be reclassified as general unsecured claims and paid a pro-rata share of the distribution to general unsecured creditors.

BkAssist® Software Copyright© 2012 by Walter Oney. All rights reserved.

# VII. CALCULATION OF PLAN PAYMENT:

| | |
|---|---:|
| a. Secured claims (section II Total): | **$1.95** |
| b. Priority claims (section III Total): | **$53,814.27** |
| c. Administrative claims (section IV Total): | **$1,000.00** |
| d. General unsecured claims (section V-D Total): | **$2,369.78** |
| e. Separately classified unsecured claims (section V-E Total): | **$0.00** |
| f. Total of (a) through (e) above: | **$57,186.00** |
| g. Divide (f) by 0.90 for total including Trustee's fee: | **$63,540.00** |
| h. Less assets to be liquidated to fund plan (Section VI-A): | **$0.00** |
| i. Total plan payments to be made by the Debtor ((g) minus (h)): | **$63,540.00** |
| j. Divide (i) by term of plan (60 months): | **$1,059.00** |
| k. Round up nearest dollar to yield monthly plan payment: | **$1,059.00** |

Pursuant to 11 U.S.C. § 1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to to 11 U.S.C. § 1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

# VIII. LIQUIDATION ANALYSIS:

| Asset | Equity | Exemption | Available Chapter 7 |
|---|---:|---:|---:|
| Family vacation cottage | $80,000.00 | $22,975.00 | **$57,025.00** |
| Cash in debtor's wallet | $225.00 | $225.00 | **$0.00** |
| Account # X4559 | $0.00 | $1.95 | **$0.00** |
| Checking Account X0129 | $0.00 | $0.00 | **$0.00** |
| Misc. ordinary household goods, furniture and appliances, no single item exceeding $575 in value, including beds, bedding, stereo, computer, lawn mower, appliances, utensils, tables, chairs, dishes, lamps, microwave, television and accessories, etc. | $5,000.00 | $5,000.00 | **$0.00** |
| Oriental picture, antique table, music discs | $700.00 | $700.00 | **$0.00** |
| Usual clothing | $1,000.00 | $1,000.00 | **$0.00** |
| Snow skis and boots | $200.00 | $200.00 | **$0.00** |
| 1986 Correct Craft Martinque, 680 hours, engine bad | $1,500.00 | $1,500.00 | **$0.00** |

BkAssist® Software Copyright© 2012 by Walter Oney. All rights reserved.

| Asset | Equity | Exemption | Available Chapter 7 |
|---|---|---|---|
| Home office equipment | $300.00 | $300.00 | **$0.00** |
| Carpentry tools and equipment (saws, drills, jack hammer, nail guns, compressors, levels, transits, ladders, wheelbarrows, fasteners, staging, hand tools, etc. | $2,000.00 | $2,000.00 | **$0.00** |
| Totals: | $90,925.00 | $33,901.95 | **$57,025.00** |

Total non-exempt assets: $57,025.00

Less chapter 7 trustee fees per 11 U.S.C. § 326(a): $5,865.90

Less estimated chapter 7 administration expenses: $0.00

**Net amount available for distribution in c. 7:** **$51,159.10**

Additional comments regarding liquidation analysis: **N/A**

## IV. SIGNATURES:

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

**/s/ Michael J. Tremblay**                                            **07/29/2013**
**Michael J. Tremblay (502133)**                                       **Date**
277 Main Street
Marlborough, MA  01752
Tel.: 508-485-4500
Fax: 508-449-3969
e-mail: attorney@tremblay.com

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.


**/s/ Lee H. Dearborn**                                                **07/29/2013**
**Debtor**                                                             **Date**

BkAssist® Software Copyright© 2012 by Walter Oney. All rights reserved.